(96 South. 279)

No. 24849.

### PURCELL et al. v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

### METROPOLITAN LAND CO. v. SAME.

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. Covenants ⬉17—Proceeding held in invitum and deeds by owners not to bind them as warrantors.

Where commissioners of Port of New Orleans took land for public use and owners had no choice but to accept compensation offered or sue for greater amount, the transfer was in invitum; and, though deeds were executed, they were only receipts and quittances and did not warrant existence of streets.

2. Covenants ⬉8 — Warranty is incident of sale, but only of voluntary sale.

Warranty is an incident of every sale where the parties do not specially agree otherwise, but this applies only to a voluntary sale, a bargaining, trafficking, agreement, or giving of consent.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Two suits by William G. Purcell and another, and by the Metropolitan Land Company, against the Board of Commissioners of the Port of New Orleans. From a judgment for plaintiffs, defendant appeals. Affirmed.

Percy S. Benedict, Arthur McGuirk, Arthur B. Hammond, and Harold A. Moise, all of New Orleans, for appellant.

Wm. W. Wall and John Watt, both of New Orleans, for appellees.

DAWKINS, J. Plaintiffs brought these suits (which were consolidated for the purposes of trial) to recover the value of certain property taken by defendant for public purposes in constructing the Industrial Canal in the city of New Orleans. Plaintiffs show a clear title to the tract of land in which the property in question is situated; but several years ago, there was sold at tax sale, in the names of persons under or through whom plaintiffs do not claim, what purported to be town lots or squares fronting upon streets. As a matter of fact, there was never any dedication to public use of the purported streets by the plaintiffs or their vendors of the property so designated; and this suit is to recover for the value of said streets or strips of land so used for canal purposes (the title to the squares having been lost by prescription and no claim being made therefor herein).

It would serve no useful purpose and con-

tribute nothing to the jurisprudence of this court to discuss at length the voluminous evidence in this record as affecting the contentions of the parties. We think it sufficient to say that as a matter of fact and law there was never any dedication of the property in contest to public use, nor has the title of plaintiffs been divested in any other way.

[1, 2] We therefore approve and adopt the reasons for judgment and conclusions of the lower court, which are as follows:

"From my understanding of the able and vigorous brief filed by the defendant in this case, I am unable from the facts to differentiate it from the Leader Case (Leader Realty Co. v. Lakeview Land Co., 133 La. 649, 63 South. 253), in which case the Supreme Court went thoroughly into this matter, and the circumstances which appeared to meet all legal purposes. The reasons therein given appear to me to be sound and I am, therefore, obliged to follow the jurisprudence of the Supreme Court and to render judgment in favor of the plaintiff; and, as the superficial area is exactly fixed and it is agreed that four and a half cents a square foot is a proper value for the property taken, judgment will be rendered accordingly.

"As to the call in warranty, I can find no merit in it. The facts shown are that the squares of ground in question fell within the area laid out by the governmental authorities for the Industrial Canal, and that by proceedings that the defendant himself declares to be constitutional, legal and unassailable, all of this property was taken and appropriated for public use. None of these persons called in warranty were free agents in the matter. Their property was taken away from them, and all that was left to them was to accept the 4½ cents per superficial square foot, which was offered to them by the defendant or to bring suit for a greater amount. This, in my opinion, was clearly a transfer in invitum. The law of the Louisiana courts is that 'warranty' is an incident of every sale, and will be recognized in force in every case in which the parties do not specially agree that the law of warranty shall be read into the contract of sale. But this contemplates a voluntary sale, a bargaining, a trafficking and an agreement, a giving of consent. These elements are all missing in this case. These persons called in warranty had titles to these squares. Their property was taken away from them; and when they accepted the sum offered by the defendant board, the receipt for the money being put in the form of a deed of sale of real estate, in truth and in fact it was nothing more or less than an acceptance of the sum offered and a receipt and quittance and discharge therefor, which would bar recovery by the owners or by their heirs and assigns. To hold that they warranted the existence of streets by any such course of conduct is, to my mind, absurd. The defendant did not want streets, but wanted the property, converting it into a canal; and in some of the streets that they are claiming reimbursement for from these people is now 30 feet of water. To carry the thought further, if I should condemn in warranty, they would have the right on returning the prices received to demand back the property. The evidence shows me that the defendant board could not return it, and the calling these people in warranty appears to me, under the circumstances, to be as 'a meaningless gesture,' as our friend the Frenchman would say. There should be judgment, therefore, in favor of these parties called in warranty, and rejecting the demand."

The judgment appealed from is therefore affirmed, with costs.